STATE of Missouri, Respondent,

v.

Jeffrey S. DAVISON, Appellant.

Jeffrey S. DAVISON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 50126, WD 51332.

Missouri Court of Appeals,
Western District.

March 26, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 30, 1996.

Rose M. Wibbenmeyer, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and SMITH, JJ.

SMITH, Judge.

Appellant, Jeffrey Scott Davison, was convicted by jury of stealing, third offense, pursuant to §§ 570.030 and .040, RSMo 1994. His Rule 29.15 motion asserting ineffective assistance of trial counsel was denied without an evidentiary hearing. This is a consolidated appeal.

### FACTS

The evidence showed that appellant entered an Orscheln's Farm and Home store in Maryville, Missouri, took off his shoes, put on a new pair of boots from the shelves, and attempted to walk out of the store wearing the boots without first paying for them. Two store employees observed these events and confronted him as he left the store. Appellant pled not guilty, but was convicted and sentenced to seven years as a prior offender. The sufficiency of the evidence is not at issue in this appeal.

### I.

Appellant's first point relied on asserts the trial court erred in overruling appellant's objection at trial to an alleged hearsay statement. The statement at issue arises out of appellant's defense at trial that he purchased the boots at an Iowa Orscheln's store on a prior date. To counter this defense, the State called David Carlson, the assistant manager of the Iowa store to testify that they did not carry this type of boot. Carlson's knowledge, at least in part, that his store did not carry that boot came from reviewing their computerized inventory. Appellant contends that since Carlson did not take the inventory in the first place and since the inventory was not qualified as a business record, the inventory was hearsay. He further asserts the alleged hearsay statement bore directly on the believability of his defense.

Carlson's testimony was as follows:

Q. At the request of the investigation of this particular case did you have an occasion at that time to check the inventory in late January of 1994 to look for that type of inventory?

A. Yes.

Q. And did this type of boot show up on the inventory at all?

A. No.

 "Hearsay evidence is in-court testimony of an extrajudicial statement offered to prove the truth of the matters asserted therein, resting for its value upon the credibility of the out-of-court declarant." *State v. Harris,* 620 S.W.2d 349, 355 (Mo. banc 1981). The problem with hearsay evidence is that it limits the adverse party's ability to cross-examine a witness regarding the matters contained in the out-of-court statement, as well as the credibility of the witness. *Id.* The right to cross-examine witnesses is protected by the Sixth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment. *State v. Gantt,* 644 S.W.2d 656, 659 (Mo.App. 1982).

 The inventory is clearly an out-of-court statement. *State v. Mayes,* 868 S.W.2d 541, 544 (Mo.App.1993). Whether the inventory was on a computer or a written document is irrelevant. The computer inventory was reviewed by the witness before the court proceeding. The purpose of the statement at trial was to offer as true the proposition that the Iowa store did not carry the particular boot which appellant attempted to steal. Appellant's opportunity to cross-examine the witness as to the truth of his statement was limited by the fact that a printout of the inventory was not before the court and thus the appellant did not have the means by which to test the veracity of the witness on this matter. *Id.* We find that Carlson's testimony from the computer inventory was hearsay; it was an out-of-court statement offered to show the truth of the matter asserted. *Harris,* 620 S.W.2d at 355; *Mayes,* 868 S.W.2d at 544.

 Respondent's attempt to use *State v. Winters,* 900 S.W.2d 636, 639 (Mo.App.1995) to support their assertion that Carlson's testimony from the inventory was admissible because he testified from independent knowledge misstates the conclusion of the court. In *Winters,* this court passed on the question of whether testifying from an inventory report which is not before the court is admissi-

ble and decided that the statement made in that case was harmless. *Id.* We now decide the question and hold that such testimony is inadmissible hearsay. The trial court erred in admitting testimony concerning the computer inventory over defendant's hearsay objection.

 Nevertheless, "[i]n matters involving the admission of evidence, the court reviews for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial." *State v. McMillin,* 783 S.W.2d 82, 98 (Mo. banc), *cert. denied,* 498 U.S. 881, 111 S.Ct. 225, 112 L.Ed.2d 179 (1990). We have found mere error, but we are unable to find prejudice. While the erroneously admitted testimony was not irrelevant, it was duplicative. Appellant claims that the hearsay statement permitted the jury to draw the conclusion that the boots could not have been purchased at the Iowa store. However, prior to the hearsay statement the following colloquy with the witness occurred which the Appellant did not object to:

Q. Is that a brand of boot or a type of boot that was carried by the Orscheln's store in [Iowa] in January of 1994?

A. No.

Q. Had it been carried by the [Iowa] store while you had worked there in that previous year and a half or two years?

A. No.

Q. Are you absolutely positive of that?

A. Yes.

The hearsay statement regarding the inventory directly followed these statements and merely served to bolster Carlson's testimony. The damage was already done, and thus we cannot find that the error was so prejudicial that it deprived appellant of a fair trial. *Id.*

Point denied.

## II.

Point II asserts the motion court erred in denying appellant's Rule 29.15 motion without an evidentiary hearing because he was, contrary to the finding of the motion court,

denied his right to effective assistance of trial counsel and to a fair trial under the United States and Missouri Constitutions. Appellant has two bases under this point.

■ Our review is limited to whether the findings and conclusions of the motion court were clearly erroneous. *Leisure v. State*, 828 S.W.2d 872, 874 (Mo. banc 1992), *cert. denied*, 506 U.S. 923, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992); Rule 29.15(k). To make a finding that a finding or conclusion of the motion court was clearly erroneous, we must be left with "the definite and firm impression that a mistake has been made." *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). To be entitled to a hearing, "1) the motion must allege facts, not conclusions, warranting relief; 2) the facts alleged must raise matters not refuted by the files and records in the case; and, 3) the matters complained of must have resulted in prejudice to the movant." *State v. Brasher*, 867 S.W.2d 565, 570 (Mo. App.1993).

■ In order for appellant to show that his trial counsel was ineffective, he must show that his counsel "failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and ... he was thereby prejudiced." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987), *citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 693 (1984). To show prejudice, appellant must show a reasonable probability that had his trial counsel not been ineffective, the result would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

### A. Failing to Call a Witness

Appellant's first basis for claiming ineffective assistance of trial counsel is that his trial counsel did not investigate, depose, subpoena or call to testify James Morey, an employee of the Missouri Orscheln's store. Appellant claims that Morey could have testified that the Iowa Orscheln's store did, in fact, carry the brand of boots appellant was charged with stealing from the Missouri store. He asserts this would have added credibility to his defense. The motion court found that Morey would only have been useful to impeach the Iowa store manager on the issue of whether that store carried that brand of boots. Based on *State v. Day*, 859 S.W.2d 194, 196 (Mo.App.1993), the motion court held that the failure to call an impeachment witness which would not provide a viable defense does not merit post-conviction relief.

■ "A decision not to call witnesses to testify, as a matter of trial strategy, is virtually unchallengeable." *Leisure*, 828 S.W.2d at 875. For such a challenge to be successful, appellant must prove: "1) the decision not to call the witness was something other than reasonable trial strategy; 2) the witness could have been located through reasonable investigation and would have testified if called; and 3) the witness's testimony would have provided movant with a viable defense." *State v. Walden*, 861 S.W.2d 182, 186 (Mo. App.1993).

■ Appellant's motion states what Morey could have testified to, but fails to allege that he would have testified. Appellant must show that the witness "would have testified if called," not that the witness could have testified. *Id.* Appellant must also allege a viable defense, but the motion only states that Morey would have impeached Carlson. This is not a viable defense.

Appellant's Rule 29.15 motion has failed to allege the basic requirements necessary to show that his trial counsel was ineffective. In that regard, we do not find the findings and conclusions of the motion court clearly erroneous.

### B. Failure to Object When Jury Saw Appellant in Handcuffs

■ Prior to the trial, appellant was brought into the courtroom in the presence of the entire venire panel while wearing handcuffs. Appellant claims he was denied due process and a fair trial when his counsel failed to object to the handcuffs. However, appellant failed to include this claim in his Rule 29.15 motion.

■ We have a limited review of the motion court proceedings. "Appellate review of the trial court's actions on the motion filed under this Rule 29.15 shall be limited to a

determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k). Rule 29.15(d) requires that every claim be raised in the Rule 29.15 motion. Thus, claims that are not properly raised before the motion court, but asserted for the first time on appeal are barred. *State v. Twenter*, 818 S.W.2d 628, 641 (Mo. banc 1991).

Point denied.

## CONCLUSION

The judgment of conviction and the order denying the Rule 29.15 motion are affirmed.

All concur.