**STATE of Missouri, Plaintiff–Respondent,**

v.

**Everett E. HATCHER, Defendant–Appellant.**

**No. 20840.**

Missouri Court of Appeals, Southern District, Division One.

April 9, 1997.

BARNEY, Presiding Judge.

Following a jury trial Everett E. Hatcher (Defendant) was convicted on one count of sodomy in violation of § 566.060.[1] He was sentenced as a prior offender to life imprisonment.

■ The sufficiency of the evidence to support the conviction is not in dispute. We view the evidence and all reasonable inferences therefrom in the light most favorable to the verdict. *State v. Crews,* 923 S.W.2d 477, 478 (Mo.App.1996).

On October 21, 1994, Defendant and his wife, Lillian,[2] traveled to the home of their daughter, Rhonda, for a visit. Rhonda and her husband have three children, one of whom is B.M., the victim in this case. B.M. was five years old. On the evening of October 26, 1994, B.M. fell asleep on the couch in the living room. Defendant told B.M. to "get up" and Defendant put his hands on B.M.'s "private part." Defendant then made B.M. "suck his wiener." According to B.M., Defendant "peed" in his mouth; B.M. vomited and cleaned up the vomit with a towel.

On November 3, 1994, Defendant and his wife returned home. Rhonda spoke with

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

2. We use initials and first names of the parties involved to protect the identity of the victim and for the sake of clarity. We mean no disrespect.

B.M. and asked him what made him sick when Defendant and his grandmother were visiting. B.M. said that he was afraid he would get into trouble and did not want to tell. A few days later, however, he told his mother what had happened and the family reported the incident to the Division of Family Services.

During cross-examination, B.M. was questioned about several responses he made during a preliminary hearing. Several of his responses were inconsistent with his trial testimony.

■ In Defendant's sole point on appeal, he asserts that the trial court erred in refusing to submit Instruction A, offered by Defendant, which would have instructed the jury that the prior inconsistent statements of B.M. could be considered as substantive evidence in accordance with § 491.074.

Section 491.074 states:

Notwithstanding any other provisions of law to the contrary, a prior inconsistent statement of any witness testifying in the trial of an offense under chapter 565, 566 or 568, RSMo, shall be received as substantive evidence, and the party offering the prior inconsistent statement may argue the truth of such statement.

Instruction A that Defendant asserts should have been given to the jury reads as follows:

There was evidence that [B.M.], a witness in this case, on some former occasion made statements inconsistent with his testimony in this case. Such evidence may be considered by you as evidence of the matters contained in the statements.

MAI-CR 3d 302.01 was an instruction given by the trial court in the instant case, relating to the duties of the judge and jury. It provides in pertinent part:

In this determination, you also must decide upon the believability of the witnesses and the weight and value of the evidence.

In determining the believability of a witness and the weight to be given to testimony of the witness, you may take into consideration the witness' manner while testifying; the ability and opportunity of the witness to observe and remember any matter about which testimony is given; any interest, bias, or prejudice the witness may have; the reasonableness of the witness' testimony considered in the light of all of the evidence in the case; and any other matter that has a tendency in reason to prove or disprove the truthfulness of the testimony of the witness....

Note on Use number 3 to Instruction 302.01 states:

Except as may be specifically provided for elsewhere in MAI–CR, no other or additional instruction may be given on the believability of witnesses, or the effect, weight, or value of their testimony. The provisions of Section 477.012, RSMo Supp. 1991,[3] are complied with by the giving of this instruction.

Defendant asserts that his Instruction A should have been given in addition to MAI–CR 3d 302.01. However, the use of Instruction A would have been contrary to the directions contained in the Notes on Use that accompany MAI–CR 3d 302.01.

In *State v. Silvey*, 894 S.W.2d 662 (Mo. banc 1995), a case whose pertinent facts are similar to the instant case, defendant Silvey argued that his rights to due process and equal protection were being violated because the trial court refused to submit his non-MAI proposed jury instruction regarding the credibility of witnesses below the age of ten who testified without qualification. Silvey claimed that his proposed instruction was necessary because the Supreme Court had failed to comply with § 477.012 (see footnote three herein). The Missouri Supreme Court held, however, that:

[T]his Court has complied with section 477.012 by deeming MAI–CR 3d 302.01 as

3. Section 477.012 states: "By January 1, 1991, the supreme court shall develop a jury instruction to be used in criminal trials wherein a child

under the age of ten is a witness." *See* further discussion, *infra*.

the only instruction required or allowed to be given on the credibility of any witness.

*Id.* at 670. The court concluded by stating that:

> Because the jury was given an instruction properly patterned after MAI–CR 3d 302.01, the jury was given the only appropriate jury instruction regarding credibility of witnesses.

*Id.* Defendant's argument that the trial court erred in not giving his Instruction A is without merit because his Instruction A is duplicative of the language contained in 302.01, particularly relating to "effect, weight, [and] value" of a witnesses testimony. Additionally, as expressly authorized by § 491.074, Defendant's counsel was allowed to comment on B.M.'s inconsistent statements in closing arguments.

We, therefore, find no trial court error in its refusal to give Defendant's non-MAI Instruction A. The judgment of the trial court is affirmed.

GARRISON and PREWITT, JJ., concur.