Everett E. HATCHER, Movant–
Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 22651.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 24, 1999.

Motion for Rehearing and Transfer
Denied Sept. 14, 1999.

Application for Transfer Denied
Oct. 26, 1999.

Rosemary E. Percival, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Krista D. Boston, Asst. Atty. Gen., Jefferson City, for respondent.

GARRISON, Chief Judge.

Everett E. Hatcher ("Movant") was charged, as a prior offender, with the felony of sodomy. A jury found him guilty, and the trial court sentenced him to a term of life imprisonment. Movant appealed his conviction. This Court affirmed the conviction and sentence in *State v. Hatcher,* 941 S.W.2d 884 (Mo.App. S.D.1997). Movant thereafter filed a motion for post-conviction relief with a request for an evidentiary hearing pursuant to Rule 29.15.[1] The motion court denied the request for a hearing as well as the motion for post-conviction relief. Movant appeals.

The evidence in the light most favorable to the verdict shows that Movant and his wife, Lillian,[2] traveled to the home of her daughter, Rhonda, for a visit on October 21, 1994. Rhonda and her husband have three children, one of whom is B.M., the victim in this case, who was then five years old. On the evening of October 26, 1994, B.M. fell asleep on the couch in the living room. Movant told B.M. to "get up" and he put his hands on B.M.'s "private part." Movant then made B.M. "suck his wiener" and "peed" or ejaculated in B.M.'s mouth, causing B.M. to vomit.

Movant and his wife returned to their home on November 3, 1994. Rhonda spoke with B.M. on that day and asked him what made him sick when Movant was visiting. B.M. told Rhonda that he was afraid he would get into trouble and he did not want to tell. A few days later, however, B.M. told his mother what had happened, and the family reported the incident to the Division of Family Services.

Appellate review of the denial of a Rule 29.15 motion for post-conviction relief is limited to a determination whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *State v. Schaal,* 806 S.W.2d 659, 667 (Mo. banc 1991). The findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Schaal,* 806 S.W.2d at 667. An evidentiary hearing is not required unless the motion meets three requirements: 1) the motion must allege facts, not conclusions, warranting relief; 2) the facts alleged must raise matters not refuted by the files and records in the case; and 3) the matters complained of must have resulted in prejudice. *White v. State,* 939 S.W.2d 887, 893 (Mo. banc 1997), *cert. denied,* 522 U.S. 948, 118 S.Ct. 365, 139 L.Ed.2d 284 (1997); *State v. Starks,* 856 S.W.2d 334, 336 (Mo. banc 1993). To prevail on a claim of ineffective assistance of counsel, a movant must show that his counsel's performance was deficient, i.e. below the degree of skill, care, and diligence of a reasonably competent attorney, and that the deficiency prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *State v. Simmons,* 955 S.W.2d 729, 746 (Mo. banc 1997). To prove prejudice, a movant must show a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Clay,* 975 S.W.2d 121, 135 (Mo. banc 1998). If he fails to satisfy either the performance or prejudice prongs of the test, his claim fails. *Id* .

Movant first claims that the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing on the theory that his appellate counsel was ineffective by not raising two issues in his direct appeal. The issues which he

---

1. References to Rules relate to Missouri Rules of Criminal Procedure (1999).

2. We use initials and first names of the parties involved to protect the identity of the victim and for the sake of clarity. We mean no disrespect.

contends would have resulted in reversal if they had been raised on direct appeal relate to the trial court's ruling in which it sustained the State's motion in limine and barred the defense from presenting evidence: (1) that B.M. was initially diagnosed with gonorrhea of the throat, and (2) that Movant sought an order of protection from his wife, Lillian, who was a witness for the State.

■■■■ Movant's amended 29.15 motion alleged:

> Appellate counsel was ineffective for failing to argue on direct appeal that the trial court erred in sustaining the State's motion in limine regarding testimony and evidence 1) that the victim was diagnosed as having gonorrhea in his throat and 2) that [Movant] sought an order of protection from his wife, Lillian Hatcher. Defense counsel argued that the gonorrhea diagnosis was important, because it showed that family members were prompted to explain why the five-year old victim would have gonorrhea in his throat and showed that the victim likely was led to making up a story about Mr. Hatcher. Once the diagnosis was found to be false positive, the investigation had begun, and the witnesses were already committed to their false accounts. Trial counsel properly preserved the issue by attempting to elicit the testimony during trial and including the issue in the motion for new trial.

It is important to note that a movant in a post-conviction motion case is limited to the issues raised before the motion court. *See State v. Twenter,* 818 S.W.2d 628, 641 (Mo. banc 1991); *State v. Davison,* 920 S.W.2d 607, 611 (Mo.App. W.D.1996). Here, the claims asserted by Movant in his amended motion related to his appellate counsel's failure to raise as an issue in the direct appeal, the trial court's sustaining of the State's motion in limine. A ruling on a motion in limine, however, is interlocutory in nature because it is subject to change during the course of the trial. *State v. Purlee,* 839 S.W.2d 584, 592 (Mo. banc

1992). An *in limine* ruling "is merely a preliminary expression of the court's opinion as to the admissibility of the evidence" and is subject to change when presented in the proper perspective in the trial of the case. *Evans v. Wal–Mart Stores, Inc.,* 976 S.W.2d 582, 584 (Mo.App. E.D.1998) (quoting *Brown v. Hamid,* 856 S.W.2d 51, 55 (Mo. banc 1993)). A motion in limine, in and of itself, preserves nothing for appeal. *Purlee,* 839 S.W.2d at 592. To preserve the issue of exclusion of evidence for appeal, an offer of proof must be made at trial demonstrating why the evidence is relevant and admissible. *Evans,* 976 S.W.2d at 584. The proponent of the evidence must attempt to present the excluded evidence at trial, and if an objection to the proffered evidence is sustained, the proponent must then make an offer of proof. *Id.* The fact that Movant's claim of ineffectiveness of appellate counsel relates to the failure to raise an issue which is not, in itself, cognizable on appeal would require denial of the claim.

Even though Movant's contention in his amended Rule 29.15 motion related to the failure to raise an issue on appeal about the sustaining of the State's motion in limine, he did also refer in that motion to the fact that trial counsel preserved the issue at trial by attempting to present the evidence and raised it in the motion for new trial. In giving Movant the benefit of the doubt, we will consider that the amended Rule 29.15 motion was not solely restricted to sustaining the motion in limine but was broad enough to include the rejection of the evidence. Accordingly, we will review the point relied on which also includes the contention that appellate counsel was ineffective in failing to argue on appeal that the trial court erred in both sustaining the motion in limine and barring presentation of the evidence.

■■■ The first of the two contentions in this point relates to the failure of appellate counsel to raise an issue about the sustaining of the motion in limine and rejection of evidence concerning an initial diagnosis

that B.M. had gonorrhea in his throat. This relates to a doctor's examination which was conducted on B.M. after the offense allegedly occurred. The doctor took a throat culture, the preliminary results of which were positive for gonorrhea. A later report, however, showed the preliminary results to be in error and, in fact, no gonorrhea was present. The trial court sustained the State's motion in limine to exclude the false diagnosis, but stated that it would allow the evidence if the State "open[ed] the door to it." Movant attempted to elicit testimony concerning the diagnosis of gonorrhea, and the trial court sustained the State's objection. Movant then made what his attorney described as an offer of proof which was also rejected:

> [I]f permitted to introduce the testimony [Movant] would introduce testimony that after taking [B.M.] to [the doctor] there was an initial telephone report that he had gonorrhea present in his throat. That the—that fact was conveyed to the Division of Family Services, conveyed to the sheriff's department and has been a part of the litany of reasons why [B.M.] believed in this particular instance. Subsequently after the throat culture was run [the doctor] determined that, in fact, [B.M.] did not have gonorrhea. It's offered to show how this thing snowballed based upon that initial false report.[3]

Movant argued in his Rule 29.15 motion that,

> The gonorrhea diagnosis was important, because it showed that family members were prompted to explain why [B.M.] would have gonorrhea in his throat and showed that the victim likely was led to making up a story about [Movant]. Once the diagnosis was found to be a false positive, the investigation had begun, and the witnesses were already committed to their false accounts.

In denying Movant's amended Rule 29.15 motion without an evidentiary hearing, the motion court held that, as a matter of law,

Movant's contention was conclusionary and failed to show facts which, if true, would entitle him to relief.

On this appeal, Movant argues that he should have been allowed to show that B.M. was initially diagnosed as having gonorrhea in his throat to demonstrate that once the state authorities believed that B.M had gonorrhea in his throat, B.M.'s family had to explain why such a young boy would have a sexually transmitted disease in his throat. "As a result, the family fabricated the charge against [Movant] and manipulated [B.M.] into giving false statements and testimony about the sodomy. Once the family learned that the diagnosis was incorrect, they had already started the ball rolling and could not retract their statements."

We cannot say that the motion court erred in denying an evidentiary hearing or relief on this basis. Movant offered no timeline with reference to the diagnosis of gonorrhea in either his offer of proof at trial or his Rule 29.15 motion. Similarly, he offers no timeline on this appeal. Evidence was presented at trial that the sodomy occurred on October 26, 1994; B.M told his mother on November 10, 1994; and the Division of Family Services was notified on November 15, 1994. No direct testimony was given concerning the date B.M. was taken to the doctor or the date the false diagnosis was given. Movant's counsel did suggest in his questioning, however, that B.M. was taken to see the doctor on November 16, 1994. If we accept this date as true, the gonorrhea diagnosis was given after B.M. reported the incident to his mother and after the Division of Family Services was notified. Therefore, we fail to see how "family members" would have been "prompted to explain [to the state authorities] why such a young boy would have a sexually transmitted disease in his throat." Movant has failed to show any prejudice that may have resulted as a result of the exclusion of the

---

**3.** No issue is made, and we do not consider, the sufficiency of this offer of proof.

evidence and this portion of his point is denied.

■ Movant also argues that appellate counsel was ineffective for failing to raise on appeal the sustaining of the State's motion in limine and barring the defense from eliciting testimony and presenting evidence that Movant sought an order of protection against Lillian, which prompted her to retaliate against him by fabricating her testimony. The motion court found that Movant had failed to plead facts which if true would entitled him to relief on this basis.

As indicated earlier, a trial court's order sustaining a motion in limine does not, itself, provide the basis for appeal, but the evidence must be offered at trial. Here, however, Movant did not attempt to elicit testimony or present evidence concerning the alleged order of protection, which he sought against Lillian. Nor did he make an offer of proof at trial demonstrating why such evidence was relevant and admissible. Accordingly, he failed to preserve the issue for appellate review. His appellate counsel could hardly be considered ineffective for failing to raise an issue on appeal which was not preserved for review.

We are unable to conclude that the motion court erred in denying an evidentiary hearing on Movant's amended motion. As found by the motion court, the amended motion failed to state facts, as opposed to conclusions, warranting relief, the allegations were refuted by the files and records in the case, and no prejudice was demonstrated. Under such circumstances, the motion court's order denying relief without an evidentiary hearing was not clearly erroneous. Movant's first point is without merit and is denied.

■ For his second point, Movant complains that the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing because his trial counsel 1) failed to present testimony and evidence to corroborate that he was physically incapacitated at the time of the charged crimes such that he could not have achieved an erection and ejaculated as alleged, and 2) failed to present testimony and evidence that his wife, Lillian, suffered from psychological problems which caused her to confuse reality with fantasy and be easily led, such that her testimony was not credible.

At trial, Movant testified that at the time of the alleged crime, he "couldn't hardly have sex" because he "had burns on [his] wiener" as well as trouble with blood flow to his penis which kept him from getting an erection. He also testified that he had not had sex with his wife for two years. His Rule 29.15 motion complained in pertinent part that,

> Defense counsel should have hired a physician to examine [his] penis to determine whether [he] was physically able to commit the charged act. If [Movant] had already seen a physician, defense counsel should have consulted with the physician and received copies of the medical reports.

■ The motion court did not err in denying Movant's request for an evidentiary hearing on this basis. To obtain an evidentiary hearing, a movant must allege facts, not speculative conclusions, warranting relief. *See White*, 939 S.W.2d at 895. Movant's own motion demonstrates the speculative nature of his claim: He alleged that counsel should have employed a physician to determine "whether" he could have committed the act, and that "if" he had already seen a physician, counsel should have gotten copies of the medical reports.

■ Secondly, to prevail on a claim of ineffective assistance of counsel due to counsel's failure to call a witness to testify, the movant must show that the witness would have testified if called, and that the witness's testimony would have aided the movant's defense. *White*, 939 S.W.2d at 896. The burden is on the movant to plead facts, not conclusions, establishing not only who the witnesses are, but also

what they would testify to, if called, and that such evidence would provide a viable defense. *Id.* Movant's motion failed to allege which physician should have been called, whether this physician would have been both available and willing to testify, and what testimony the physician would have given. Movant argues that "[i]mplicit within [his motion] is that [his] physician could have been located and that he would have testified." A Rule 29.15 motion, however, "is no ordinary pleading where missing factual allegations may be inferred from bare conclusions or implied from a prayer for relief." *White,* 939 S.W.2d at 893.

Finally, Movant fails to demonstrate any prejudice that may have resulted from his counsel's failure to solicit and present evidence from a physician concerning Movant's ability to commit the offense. Specifically, he fails to allege whether this physician's testimony would have even supported his claim that he was "physically [un]able to commit the charged act." The motion court did not err with regard to counsel's failure to "hire a physician to examine [Movant's] penis," and this portion of his point is denied.

 Movant also argued in his motion,

At minimum, trial counsel should have taken a photograph of [Movant's] penis so that the jury could see for itself that [Movant] was indeed scarred, thereby helping to support his allegation that he was so burned and sore that he could not have committed the charged crime.

Again, Movant failed to allege whether such a photograph would even depict the alleged scars on his penis or whether his counsel had reason to know that his penis bore scars from the alleged burns. Additionally, Movant did not allege that a photograph taken at some later time would have demonstrated that the scarring was caused by a condition that existed at the time of the incident in question. This portion of Movant's point is denied.

 Movant argued in his motion that his trial counsel failed to investigate and present testimony and evidence showing that Lillian had extreme psychological problems which caused her to hallucinate, to be easily manipulated, and to confuse reality with fantasy. Specifically, he stated,

Prior to trial, [Movant] advised counsel of [Lillian's] psychological problems and that she had been institutionalized various times. [Movant] advised counsel that [Lillian] was seeing a psychiatrist and taking numerous medications.... [Movant] gave counsel the names of several hospitals where [Lillian] had been treated for psychological problems. Counsel, however, never pursued the investigation, by deposing [Lillian] or seeking her mental health records.... If counsel had relayed [Lillian's] mental health history to the jury, the jury would not have believed [his] alleged admissions of guilt and would not have convicted [him].

At trial, Lillian testified that the night Movant first learned he had been accused of sexually abusing B.M. he said, "Even if I did make [B.M.] suck my [penis], [B.M.] loves me and he will not say that he did." Furthermore, she testified that when she saw Movant at a preliminary hearing, she said, "[Y]ou got sodomy charges because you made [B.M.] suck your [penis]," and he replied, "[S]odomy charges [are] in the rear end, screwing in the rear end."

Again, Movant failed to plead sufficient facts to either entitle him to an evidentiary hearing or relief. Movant failed to allege what "psychological problems" Lillian allegedly suffered from, where Lillian was allegedly "institutionalized," where medical records evidencing these "problems" could be found, or what testimony Lillian would have given had she been deposed. Furthermore, without knowing what "psychological problems" Lillian allegedly suffered, it is impossible to ascertain whether any prejudice may have resulted from trial counsel's "failure to investigate and pres-

ent evidence" on the issue. Movant's second point is denied.

The judgment is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.