

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| TERRY T. WATSON, | ) | ED103245 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | 1322-CC00457 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Bryan L. Hettenbach |
| | ) | |
| Respondent. | ) | Filed: October 25, 2016 |

### Introduction

Terry Watson (Movant) appeals the judgment of the motion court denying his motion for post-conviction relief under Rule 29.15[1] without an evidentiary hearing, as well as the motion court's denial of his motion to amend the judgment. We reverse and remand for an evidentiary hearing on the claims in Movant's Rule 29.15 motion.

### Background

The State charged Movant with robbery in the first degree, armed criminal action, resisting arrest, and trafficking in the second degree. A jury convicted Movant of all charges except armed criminal action, and the trial court sentenced Movant to a total of 18

---

[1] All rule references are to Mo. R. Crim. P. (2013), unless otherwise indicated.

years' imprisonment. This Court affirmed Movant's convictions and sentence on appeal. State v. Watson, 386 S.W.3d 907 (Mo. App. E.D. 2013).

Movant timely filed a *pro se* motion to vacate, set aside, or correct the judgment on February 11, 2013, and later an amended motion through counsel.[2] The motion court denied Movant's amended motion without an evidentiary hearing, finding that the record conclusively refuted all of Movant's claims. Movant filed a motion to amend the judgment under Missouri Rule of Civil Procedure 78.07(c), arguing that his post-conviction counsel had abandoned him in that she never consulted with him before filing an amended motion and had substantially altered the factual allegations in his original motion.[3] The motion court denied Movant's motion to amend the judgment, finding it amounted to an allegation of ineffective assistance of post-conviction counsel. This appeal follows.

## Standard of Review

Our review of the motion court's denial of a motion for post-conviction relief is "limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous." Hickey v. State, 328 S.W.3d 225, 227 (Mo. App. E.D. 2010) (citing Rule 29.15(k)). Findings and conclusions are clearly erroneous "only if, after a full review

---

[2] Movant argues that his amended motion was untimely and that he was therefore abandoned by post-conviction counsel. Rule 29.15(g) allows up to 90 days to file an amended motion, including a 30-day extension, from counsel's entry of appearance. Under the facts here and Missouri Rule of Civil Procedure 44.01(a), with an extension the rule allowed until June 19, 2013, to file an amended motion. Though Movant's post-conviction counsel requested a 45-day extension and the parties disagree about the meaning of the trial court's order granting it; because the amended motion was filed on May 30, 2013, and because the trial court accepted and ruled upon the motion, we consider it timely. See Federhofer v. State, 462 S.W.3d 838, 841 (Mo. App. E.D. 2015) (citing cases) (amended motion considered timely even if request for extension filed after expiration of original time limit, so long as amended motion filed within total 90-day period allowed by rule); Volner v. State, 253 S.W.3d 590, 592-93 (Mo. App. S.D. 2008) (though motion court did not enter order granting 30-day extension, motion court's acceptance of filing of amended motion and subsequent hearing on motion indicated motion court's exercise of discretion to extend time period as permitted by rule).

[3] Generally, claims of abandonment are addressed by means of a motion to reopen the Rule 29.15 proceeding. See Gehrke v. State, 280 S.W.3d 54, 57 n.3 (Mo. banc 2009) (citing Crenshaw v. State, 266 S.W.3d 257, 259 (Mo. banc 2008)).

2

of the record, this Court is left with a definite and firm impression that a mistake has been made." Id. An evidentiary hearing on the claims contained in the motion is warranted when (1) the motion alleges facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant. Teer v. State, 198 S.W.3d 667, 669 (Mo. App. E.D. 2006) (citing Morrow v. State, 21 S.W.3d 819, 822-23 (Mo. banc 2000)).

## Discussion

Movant argues that the motion court clearly erred in denying his amended Rule 29.15 motion without a hearing because he alleged unrefuted facts showing that his trial counsel was ineffective for failing to explain the elements of first-degree robbery and of accomplice liability, causing him to reject a more favorable plea offer. We discuss these arguments together, and we find Movant was entitled to an evidentiary hearing.

A defendant has the right to effective assistance of counsel during plea negotiations, as it is a "critical stage" of the criminal proceeding. Williams v. State, 367 S.W.3d 652, 654 (Mo. App. E.D. 2012) (citing Lafler v. Cooper, 566 U.S. ---, 132 S.C. 1376 (2012), and Missouri v. Frye, 566 U.S. ---, 132 S.Ct. 1399 (2012)). In order to show his trial counsel was ineffective, Movant had to allege unrefuted facts showing his counsel's performance fell below the standard of skill, care, and diligence of a reasonably competent attorney; and that Movant was prejudiced in that but for counsel's errors, the outcome would have been different. Williams, 367 S.W.3d at 655 (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). In the context of plea negotiations, to show prejudice, Movant must allege unrefuted facts "demonstrate[ing] a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel."

3

Joseph v. State, 482 S.W.3d 457, 460 (Mo. App. E.D. 2016) (quoting Frye, 132 S.Ct. at 1409-10).

Here, Movant's amended motion contains two allegations that his trial counsel ineffectively advised him regarding the State's plea offer of 10 years. First, he argues his trial counsel misadvised him that in order for Movant to be convicted of robbery in the first degree, the State would have to prove that Movant's co-defendant used a gun to forcibly take the victim's property, with "bodily harm toward the victim," when in fact the charge of first-degree robbery only required a showing that one of them "[d]isplay[ed] or threaten[ed] the use of what appear[ed] to be a deadly weapon or dangerous instrument." Section 569.020.1(4), RSMo. (2000). Second, Movant argues that his trial counsel failed to advise him regarding the law of accomplice liability and that he could be convicted on the basis of his co-defendant's actions. Both failures, he alleges, caused him to reject a plea offer of 10 years.[4]

The motion court essentially found that Movant failed to allege prejudice because he did not specifically allege that the 10-year plea offer was for all of the charges, rather than just first-degree robbery. However, the motion as a whole implies that the 10-year

---

[4] We note that Movant maintains that he actually did not know of the plea offer, and this was the basis of his claim of ineffective assistance of counsel in his *pro se* motion. He argued in his motion to amend the motion court's judgment that he was abandoned by post-conviction counsel because she changed the factual allegations without consulting with him. While Rule 29.15 formerly required a movant to verify an amended motion before filing, the Missouri Supreme Court has since removed this requirement. The Missouri Supreme Court has limited the scope of abandonment claims to cases in which post-conviction counsel essentially takes no action on a movant's behalf or fails to file an amended motion in a timely manner, and the court has repeatedly declined to expand its scope. Barnett v. State, 103 S.W.3d 765, 774 (Mo. banc 2003) (citing cases). Here, Movant's counsel timely filed an amended motion containing cognizable claims. Thus, Movant's argument that his post-conviction counsel failed to consult with him and altered the factual allegations in the amended motion does not constitute a claim of abandonment. See Winfield v. State, 93 S.W.3d 732, 738 (Mo. banc 2002) (noting "[t]here is no recognized constitutional right to counsel in a post-conviction proceeding"; holding that movant's argument that Rule 29.15 punishes him by binding him to claims raised in amended motion and waiver of all others was not claim of abandonment). The motion court did not err in denying Movant's motion to amend the judgment.

plea offer would have included all charges. For example, in alleging prejudice, he states that had he received competent advice, he "would have been sentenced to ten (10) years of incarceration instead of eighteen (18)." Giving Movant the benefit of the doubt regarding his language, see Hatcher v. State, 4 S.W.3d 145, 148 (Mo. App. S.D. 1999), we find he sufficiently alleged prejudice, and this allegation is not refuted by the record. If in fact the State's offer was only for the robbery charge, the State will have an opportunity to refute Movant's claim at the hearing. At present, his claim that he would be serving 10 years rather than 18 is not refuted by the record.[5]

Second, Movant alleged that he received inaccurate advice from his attorney regarding the burden of proof the State had to carry at trial, both regarding the elements of robbery in the first degree and regarding accomplice liability. The record does not refute Movant's claims that his attorney misadvised him in these respects.[6] In fact, during Movant's sentencing hearing, when the trial court asked Movant about his counsel's representation, he answered every question negatively. Movant expressed that he felt his counsel did not confer with him, was disloyal, did not answer all of his questions, and that he had additional complaints but would include them in his motion. While this by no means establishes Movant's counsel was ineffective, and we are cognizant of Movant's prior

---

[5] The State insists Movant's motion nevertheless failed because Movant did not allege that the State would not have withdrawn its offer or that the trial court would have accepted his guilty plea. Though these are elements Movant would have to show to establish prejudice, this Court has held that omitting them from the motion is not fatal. See Williams v. State, 367 S.W.3d 652, 657-58 (Mo. App. E.D. 2012) (noting that rules encourage evidentiary hearings and that whether both prosecutor and trial court would uphold plea agreement are questions that can be addressed at evidentiary hearing). We find similarly that Movant's omission of these specific elements is not fatal to his motion in this case.

[6] However, as part of this argument, Movant points to statements his trial counsel made during Movant's sentencing hearing that allegedly illustrate his trial counsel's lack of knowledge regarding the elements of first-degree robbery. When read in context, we agree with the motion court's conclusion that Movant misinterprets these statements. Movant's trial counsel was arguing the verdicts were inconsistent, and he admitted lacking knowledge regarding Movant's prior out-of-state convictions that Movant failed to disclose to him. Thus, this portion of Movant's argument is without merit.

5

convictions and familiarity with the legal system,[7] the record here did not conclusively refute Movant's claims that his trial counsel was ineffective, and that he was prejudiced thereby.

"In order to ensure that claims are decided accurately, the rules encourage evidentiary hearings." Williams, 367 S.W.3d at 657 (quoting Wilkes v. State, 82 S.W.3d 925, 929 (Mo. banc 2002)). Courts should err on the side of having a hearing to allow movants the full opportunity to present evidence which effectively permits thorough review in both the trial and appellate courts. Holding a hearing, in and of itself, does not imply merit to the motion, but is the better trial court practice.

We conclude Movant was entitled to an evidentiary hearing on his claims under the circumstances here. Points granted.

### Conclusion

The motion court did not err in denying Movant's motion to amend the judgment. However, Movant's amended motion alleged unrefuted facts that would, if true, entitle him to relief; thus, the motion court clearly erred in failing to conduct an evidentiary hearing on the claims in Movant's amended motion that his trial counsel misadvised him regarding the elements of robbery and the proof necessary for accomplice liability, resulting in prejudice. We reverse the motion court's judgment on Movant's 29.15 motion and remand for an evidentiary hearing on these claims.

Gary M. Gaertner, Jr., Judge

James M. Dowd, P.J., concurs.
Kurt S. Odenwald, J., concurs.

---

[7] The record also reflects that Movant failed to inform his trial counsel of out-of-state prior convictions, possibly resulting in a higher sentence than his counsel would have anticipated in going to trial.

6