Corey Lynn TAYLOR, a/k/a Reginald
Howard, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–92–01244–CR.

Court of Appeals of Texas,
Dallas.

June 24, 1993.

John H. Hagler, Dallas, for appellant.

Michael J. Sandlin, Asst. Dist. Atty., Dallas, for appellee.

Before McGARRY, C.J., and CARVER[1] and STEPHENS[2], JJ.

## OPINION

McGARRY, Chief Justice.

Corey Lynn Taylor, a/k/a Reginald Howard, was convicted of aggravated robbery and given an enhanced sentence of twenty-five years in the state penitentiary. In three points of error, he contends on appeal that the evidence is insufficient to prove various elements of the offense. We affirm.

In evaluating the sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Turner v. State*, 805 S.W.2d 423, 427 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991); *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim.App.1991). This standard leaves to the jury, as the trier of fact, the responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic to ultimate facts. *See Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984) *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). The jury is the exclusive judge of the witnesses' credibility and the weight to be given their testimony. The jury may accept or reject any or all of the evidence from either side. TEX.CODE CRIM.PROC.ANN. art. 36.13 & 38.04 (Vernon 1979); *Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim. App.1982).

Appellant's first point of error contends that the evidence is insufficient to prove that he committed the robbery. Appellant denied being at the scene of the crime. However, when viewed in the light most favorable to the verdict, the evidence is clearly sufficient to establish his participation in the robbery.

The complainant identified appellant in open court as one of two assailants. The complainant testified that he had stopped at a pay phone to answer a call he had received on his pager. While he was on the phone, two males approached him from behind. One of the men, identified as appellant, pretended to talk on an adjoining pay phone without having dialed it. Appellant then spoke to the complainant, saying, "Hey, man, what's was [sic] going on?" The other man stood at appellant's side.

Appellant then told the complainant not to move and to give up his wallet. When

---

1. The Honorable Spencer Carver, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

2. The Honorable Bill J. Stephens, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

the complainant failed to comply, appellant beat him with a sawed-off axe handle. Appellant's accomplice beat the complainant with his fists. The complainant then managed to escape, leaving behind his pickup truck full of tools.

The complainant called the police from a nearby 24–hour tire shop. While he was waiting, he saw appellant's accomplice hanging out of the door of a passing car, holding a nail gun that had been in the complainant's truck. When the complainant returned to his truck with the police, he described the tools that were taken. They included a framing air gun, a trim air gun, a small pen gun, a flashlight, two or three saws, three nail guns, a nail bag, and his Arrow pager.

While the police were taking the complainant's report, a message came over the police computer indicating that three persons with carpenter tools had been detained at a pawn shop. The complainant went to the pawn shop with the police, and once there, identified his assailants, his tools and his pager. A police officer testified that the pager was found in appellant's pocket.

The foregoing evidence is sufficient to establish that appellant committed the offense. Appellant's first point of error is overruled.

Appellant's second point of error contends that the evidence is insufficient to establish an intent to take the tools or the pager; as alleged in the indictment, since the complainant testified that appellant had demanded only his wallet.

The evidence of intent to take the tools and pager is circumstantial. When viewed in the light most favorable to the verdict, appellant's unexplained possession of recently stolen property is sufficient to allow a jury to infer intent to steal that property. *See Hardesty v. State,* 656 S.W.2d 73, 76 (Tex.Crim.App.1983). The requisite intent may be inferred from appellant's actions; a verbal demand for the specific property taken is not required. *Johnson v. State,* 541 S.W.2d 185, 187 (Tex. Crim.App.1976).

The fact that the theft occurred after the complainant had been beaten and fled from the scene does not transform the robbery into a simple theft, since the beating clearly facilitated the theft. The offense of robbery includes those instances in which an injury is inflicted in the initial attempt to commit theft. TEX.PENAL CODE ANN. §§ 29.01, 29.02 (Vernon 1989). We conclude that the evidence is sufficient to establish appellant's intent to take the tools and pager. Appellant's second point of error is overruled.

Appellant's third point of error contends that the evidence is insufficient to prove that the axe handle used in the robbery is a "deadly weapon."

A weapon is "deadly," so as to make a robbery using such weapon an aggravated offense, if it is capable of causing serious bodily injury in the manner of its use, without regard to whether the actual result is the infliction of serious bodily injury. TEX.PENAL CODE ANN. § 1.07(a)(11)(B) (Vernon 1974); *Bosier v. State,* 771 S.W.2d 221, 225 (Tex.App.— Houston [1st Dist.] 1989, pet. ref'd). The evidence showed that the weapon used was a sawed-off axe handle made of hard wood and approximately eighteen to twenty four inches long. Appellant used the axe handle to beat the complainant on the head and about his body. As the complainant made his escape, appellant said he intended to kill him.

A club is not a deadly weapon per se. *Parkman v. State,* 191 S.W.2d 743, 746 (Tex.Crim.App.1945); *Granger v. State,* 722 S.W.2d 175 (Tex.App.—Beaumont 1986, pet. ref'd). However, the jury may consider the size and shape of the weapon, the manner in which it was used, and the defendant's statements. *Blain v. State,* 647 S.W.2d 293, 294 (Tex.Crim.App. 1983). We conclude that the evidence was sufficient to allow a reasonable jury to find that the axe handle used by appellant was a deadly weapon. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.