SHORT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-400-CR

WESLEY KYLE SHORT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355
TH
 DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Appellant Wesley Kyle Short appeals his conviction for attempted robbery.  Appellant argues that the evidence is legally and factually insufficient to prove beyond a reasonable doubt that he intended to commit a theft and permanently deprive the complainant of his vehicle.  We affirm.

Appellant was charged on or about February 26, 2000 of attempted robbery.  Appellant and Anthony Miller were driving from Granbury to Fort Worth in Miller’s parents’ car when they were pulled over by Trooper McNeil for driving with a defective headlight.  Appellant was driving at the time because of his familiarity with the area.  Before Trooper McNeil approached the car, he witnessed appellant and Miller change places in the car so that it appeared Miller was driving.  Miller admitted to changing places; however, appellant denied it.

When Trooper McNeil asked appellant for identification, he claimed he did not have any.  Because Trooper McNeil had previously noticed appellant with a wallet, he asked if it contained any identification.  Appellant claimed that he found the wallet in the car, and it did not contain any of his information.  Trooper McNeil then informed appellant he was under arrest for failure to identify.

Appellant told Miller to start the car and “take off,” but Miller refused.  Appellant then told Miller to pretend that they were fighting, they would then fall into the car, and appellant would drive away.  Miller again refused.
 Appellant then really started fighting Miller for control of the car, and he grabbed the keys from Miller.  During the fight, appellant broke Miller’s nose, and Miller also required four staples across his eye.  Appellant then ran away on foot.  Miller testified that appellant did not have permission to take the car, and that appellant “tried to take the car.”

Later, appellant returned to Miller’s home and stole the car from the yard.  A jury found appellant guilty of attempted robbery and sentenced him to twenty years’ imprisonment and assessed a $10,000 fine.

Appellant argues that the evidence is legally and factually insufficient to prove beyond a reasonable doubt that he intended to commit a theft. A person commits robbery if, in the course of committing theft, and with intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another.  
Tex. Penal Code Ann
. § 29.02 (Vernon 1994).  A person commits theft if he unlawfully appropriates property with intent to deprive the owner of it.  
Id
. § 31.03 (Vernon Supp. 2003).  A person commits the offense of criminal attempt if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.  
Id.
 § 15.01.

Appellant argues that it is obvious from the testimony and the videotape that his intent was to avoid arrest, not to permanently deprive Miller of the vehicle.  We do not agree.  Miller testified that appellant started fighting him for control of the car after he refused to drive away, and appellant was “trying to take the car.”  Appellant grabbed the keys from Miller, and he did not have permission to take the car.  

The video shows appellant fighting Miller to get into the driver’s seat to drive away after Miller put his hands up and said he was not leaving.  Appellant continued fighting and trying to get into the car after Miller shut the doors.  Based on Miller’s testimony, the fact that appellant had the car keys and continued to fight and force himself into the car, and the rest of the video, the jury could infer intent from this evidence.  
See Hernandez v. State
, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991) (holding that the trier of fact may infer intent from any facts in evidence that tend to prove existence of such intent), 
cert. denied
, 504 U.S. 974 (1992);
 Taylor v. State
, 859 S.W.2d 466, 468 (Tex. App.—Dallas 1993, no pet.) (holding that the requisite intent may be inferred from defendant’s actions).  Accordingly, applying the appropriate standards of review,
(footnote: 2) we hold that the evidence is both legally and factually sufficient to support the jury’s verdict.
(footnote: 3)  We overrule appellant’s first and second issues and

affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

[DELIVERED JANUARY 23, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
See Emery v. State
, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1192 (1995); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993) (both providing legal sufficiency standard of review); 
Santellan v. State
, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (both providing factual sufficiency standard of review).

3:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis
, 922 S.W.2d at 134.