COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-01-400-CR

WESLEY KYLE SHORT       
           
           
           
           
    APPELLANT
V.
THE STATE OF TEXAS       
           
           
           
           
        STATE
 
------------
FROM THE 355
TH DISTRICT
COURT OF HOOD COUNTY
------------
MEMORANDUM
OPINION
(1)
------------
Appellant Wesley Kyle Short appeals his
conviction for attempted robbery. Appellant argues that the evidence is legally
and factually insufficient to prove beyond a reasonable doubt that he intended
to commit a theft and permanently deprive the complainant of his vehicle. We
affirm.
Appellant was charged on or about February
26, 2000 of attempted robbery. Appellant and Anthony Miller were driving from
Granbury to Fort Worth in Miller's parents' car when they were pulled over by
Trooper McNeil for driving with a defective headlight. Appellant was driving at
the time because of his familiarity with the area. Before Trooper McNeil
approached the car, he witnessed appellant and Miller change places in the car
so that it appeared Miller was driving. Miller admitted to changing places;
however, appellant denied it.
When Trooper McNeil asked appellant for
identification, he claimed he did not have any. Because Trooper McNeil had
previously noticed appellant with a wallet, he asked if it contained any
identification. Appellant claimed that he found the wallet in the car, and it
did not contain any of his information. Trooper McNeil then informed appellant
he was under arrest for failure to identify.
Appellant told Miller to start the car and
"take off," but Miller refused. Appellant then told Miller to pretend
that they were fighting, they would then fall into the car, and appellant would
drive away. Miller again refused. Appellant then really started fighting Miller
for control of the car, and he grabbed the keys from Miller. During the fight,
appellant broke Miller's nose, and Miller also required four staples across his
eye. Appellant then ran away on foot. Miller testified that appellant did not
have permission to take the car, and that appellant "tried to take the
car."
Later, appellant returned to Miller's home
and stole the car from the yard. A jury found appellant guilty of attempted
robbery and sentenced him to twenty years' imprisonment and assessed a $10,000
fine.
Appellant argues that the evidence is
legally and factually insufficient to prove beyond a reasonable doubt that he
intended to commit a theft. A person commits robbery if, in the course of
committing theft, and with intent to obtain or maintain control of the property,
he intentionally, knowingly, or recklessly causes bodily injury to another. Tex.
Penal Code Ann. § 29.02 (Vernon 1994). A person commits theft if he unlawfully
appropriates property with intent to deprive the owner of it. Id. §
31.03 (Vernon Supp. 2003). A person commits the offense of criminal attempt if,
with specific intent to commit an offense, he does an act amounting to more than
mere preparation that tends but fails to effect the commission of the offense
intended. Id. § 15.01.
Appellant argues that it is obvious from
the testimony and the videotape that his intent was to avoid arrest, not to
permanently deprive Miller of the vehicle. We do not agree. Miller testified
that appellant started fighting him for control of the car after he refused to
drive away, and appellant was "trying to take the car." Appellant
grabbed the keys from Miller, and he did not have permission to take the car.
The video shows appellant fighting Miller
to get into the driver's seat to drive away after Miller put his hands up and
said he was not leaving. Appellant continued fighting and trying to get into the
car after Miller shut the doors. Based on Miller's testimony, the fact that
appellant had the car keys and continued to fight and force himself into the
car, and the rest of the video, the jury could infer intent from this evidence. See
Hernandez v. State, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991) (holding
that the trier of fact may infer intent from any facts in evidence that tend to
prove existence of such intent), cert. denied, 504 U.S. 974 (1992);
Taylor v. State, 859 S.W.2d 466, 468 (Tex. App.--Dallas 1993, no pet.)
(holding that the requisite intent may be inferred from defendant's actions).
Accordingly, applying the appropriate standards of review,
(2) we hold that the evidence is both legally and factually sufficient
to support the jury's verdict. (3) We overrule
appellant's first and second issues and affirm
the trial court's judgment.
 
PER CURIAM
 
PANEL F: LIVINGSTON, GARDNER, and WALKER,
JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED JANUARY 23, 2003]

1. See Tex. R. App. P. 47.4.
2. See Emery v. State, 881 S.W.2d 702, 705 (Tex.
Crim. App. 1994), cert. denied, 513 U.S. 1192 (1995); Narvaiz v.
State, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), cert. denied,
507 U.S. 975 (1993) (both providing legal sufficiency standard of review); Santellan
v. State, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997); Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (both providing factual sufficiency
standard of review).
3. See Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim.
App. 2000); Clewis, 922 S.W.2d at 134.