**Opinion filed May 13, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00181-CR

_____

### JEAN DE DIEU NDATABAYE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 13011-D**

## M E M O R A N D U M   O P I N I O N

After a short bench trial, the trial court convicted Jean De Dieu Ndatabaye of robbery. The trial court assessed Appellant's punishment at confinement for a term of seven years in the Institutional Division of the Texas Department of Criminal Justice. In a single issue, Appellant challenges the sufficiency of the evidence supporting his conviction. Specifically, Appellant contends that he did not possess the requisite intent to commit theft. We affirm.

*Background Facts*

The indictment alleged that Appellant committed robbery by intentionally, knowingly, and recklessly causing bodily injury to Kayla Christianson "while in the course of committing theft of property and with intent to obtain and maintain control of said property." *See* TEX. PENAL CODE ANN. § 29.02 (West 2019). Christianson is a customer of First Financial Bank in Abilene. On October 16, 2017, Christianson visited the bank's main location in downtown Abilene. After depositing a check in the first floor lobby of the bank, she proceeded from the lobby to the elevators to meet with a client on the second floor. As Christianson walked toward the elevators, Appellant approached her and asked her for coins. Although Christianson denied having any coins, Appellant continued to ask, saying that he was young, hungry, and homeless. Appellant asked Christianson for money three times before the elevator arrived on the first floor.

Once the elevator arrived, Christianson entered, and Appellant followed her into the elevator. Christianson testified that Appellant attempted to prevent her from pressing the buttons in the elevator by taking his arm with a closed fist and hitting her hand away from the buttons. Christianson further testified that, at the time, she carried a wristlet purse and that Appellant told her to open the purse to prove that she had no coins to give him. Christianson said that she believed that Appellant was reaching for her purse on her wrist and that, when Appellant hit her, she suffered pain in her hand.

Christianson was unable to press any buttons in the elevator, but the elevator ascended to the sixth floor. When the elevator doors opened on the sixth floor, Christianson was able to duck under Appellant's arm and exit. Two people boarded the elevator with Appellant, and Christianson waited for another elevator. She then returned to a lower floor and reported the incident to the bank and law enforcement.

*Analysis*

In his sole issue, Appellant argues that the evidence was insufficient to support his conviction because the State did not establish that Appellant intended to commit theft. We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319.

In our review, we consider all evidence admitted at trial, including any evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume that the factfinder resolved any conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

We measure sufficiency of the evidence by the elements of the offense as defined in a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

Section 29.02 of the Penal Code provides that a person commits the offense of robbery "if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he . . . intentionally, knowingly, or recklessly causes bodily injury to another." PENAL § 29.02(a)(1). "'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." *Id.* § 29.01(1). A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. *Id.* § 31.03(a). "[T]he actual commission of the offense of theft is not prerequisite to commission of a robbery[.]" *Earl v. State*, 514 S.W.2d 273, 274 (Tex. Crim. App. 1974).

The factor that elevates a theft to a robbery is the intent, at the time of or prior to the injury, to obtain or maintain control over the victim's property. *See Walter v. State*, 581 S.W.3d 957, 974 (Tex. App.—Eastland 2019, pet. ref'd) (citing *Nelson v. State*, 848 S.W.2d 126, 132 (Tex. Crim. App. 1992)). There need not be a completion of theft to establish a robbery—"the gravamen of robbery is the assaultive conduct, not the theft." *Crawford v. State*, 889 S.W.2d 582, 584 (Tex. App.—Houston [14th Dist.] 1994, no pet.). Therefore, in the absence of a completed theft, the State must show intent to obtain control over the property and a nexus between that intent and the injury suffered by the victim.

The factfinder may infer a defendant's intent by his conduct. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). Generally, intent is proven by circumstantial rather than direct evidence. *See, e.g.*, *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). Intent may be inferred by the acts, words, and conduct of the accused. *Id.* Further, a verbal demand for money is not required. *Edwards v. State*, 497 S.W.3d 147, 159 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). In a prosecution for robbery of money, it is immaterial how much money is involved.

*Crawford*, 889 S.W.2d at 584 (citing *Byrd v. State*, 456 S.W.2d 931, 932 (Tex. Crim. App. 1970)).

Viewed in the light most favorable to the verdict, Appellant's conviction is supported by sufficient evidence. The record indicates that Appellant repeatedly asked Christianson for money. After Christianson declined his verbal requests, Appellant insisted that she "show" him that she had no coins. Appellant subsequently "crowded" Christianson by jumping into an elevator with her. He blocked her exit from the elevator; he prevented her from pushing the buttons on the elevator; and he attempted to grab at her hand in which she was holding her purse. Christianson testified that she believed Appellant was trying to take her purse. Further, Christianson testified that she suffered pain where Appellant struck her hand as he grabbed for her purse, thereby causing her bodily injury. We conclude that a rational factfinder could have reasonably inferred from Appellant's conduct that he acted with an intent to commit theft when he injured Christianson. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

May 13, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.